MINNIE SCOTT v. ATLANTIC CITY AND SHORE RAILROAD COMPANY.

Decided February 24, 1926.

**Negligence—Injury to Passenger While Alighting From Street Car—Car was Stopped Not at a Regular Stopping Place, but Passengers Were Allowed to Alight—Plaintiff Also Attempted to Alight, but Car Started Before She Succeeded in Doing so—Held, Question for Jury to Determine—Judge's Charge was Proper.**

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the rule, *Bourgeois & Coulomb.*

*Contra, Carlton Godfrey* and *William I. Garrison.*

PER CURIAM.

The plaintiff was a passenger on a car of the defendant company, riding from Pleasantville to Atlantic City. The testimony offered by her at the trial disclosed the following situation. When the car had reached a point about half way between Baltic and Arctic avenues, and opposite a warehouse belonging to a man named Eldridge, it came to a stop. This was near the point where the plaintiff had intended to get off. She got up to do so. Several other persons did the same thing, at least two, perhaps more. The door of the car was open, permitting the disembarkation of passengers, and after the others had got off, and just as the plaintiff had got one foot on the ground, the car started suddenly forward, causing her to fall, and inflicting the injuries for which she sued. The jury evidently accepted her version of the conditions under which the accident happened, and rendered a verdict in her favor. The defendant on this rule claims that the verdict should be set aside because of errors committed by the trial court.

The first contention before us is that the trial court should have directed a verdict for the defendant because of absolute lack of any negligence on the part of the defendant company's motorman, the basis of the contention being that it had been conclusively shown that the car was not stopped for the purpose of taking on or letting off passengers, but solely because its progress was temporarily obstructed by a truck of the Eldridge concern that had been backed up against the curb. It seems to us that this contention is without merit. In our opinion, when a car is brought to a stop under the circumstances alluded to (that is, at a place

other than a regular stopping point), and passengers are permitted to alight from it without warning, and do so in safety, and other passengers are attempting to alight, also without warning, the starting up of the car before all the passengers intending to get off have succeeded in doing so, raises a question of negligence on the part of the operator of the car which must be passed upon by the jury.

The only other grounds urged for setting aside the verdict are directed at the charge to the jury and to the refusal of the court to charge a request submitted on behalf of the defendant. ·Our consideration of the case satisfies us that the charge was legally unobjectionable as the law of the case, and that the request submitted was properly refused.

The rule to show cause will be discharged.